UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br> Petitioner, <br><br> v. <br><br> CLERK OF THE COURT, et al., <br><br> Respondents. | CASE NO. C23-527-TL-BAT <br><br> **REPORT AND RECOMMENDATION** |

**Bar-order litigant John Demos**[1] applies to proceed *in forma pauperis* with a proposed petition for a writ of mandamus that would force respondents Washington State Supreme Court Clerk and the officers and justices of the Washington Supreme Court to consider a successive, state habeas corpus petition challenging his 1978 criminal conviction instead of rejecting the petition administratively based upon state-court standing bar orders. Dkt. 1; *see* Dkt. 1-1, at 9. Mr. Demos's petition for a writ of mandamus is barred by an Order of this Court that provides for returning without filing any petition by Mr. Demos that seeks an extraordinary writ pursuant to 28

---

[1] Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993).

REPORT AND RECOMMENDATION - 1

U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997).[2]

As Mr. Demos has submitted no filing fee, the Court recommends that, pursuant to the Court's Order of March 13, 1997, the Clerk be **DIRECTED** to administratively close this matter and to strike any pending applications and motions as moot. Moreover, to the extent Mr. Demos's petition for a writ of mandamus against the state court may be construed as a federal habeas petition, he may not proceed with a second or successive habeas petition here unless and until the Ninth Circuit authorizes its filing. *See* 28 U.S.C. § 2244(b)(3)(A). A proposed Order is attached and the Clerk should note that the issuance of a judgment is unnecessary. **The Clerk should note the matter as ready for the District Judge's immediate consideration on April 11, 2023.**

DATED this 11th day of April, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[2] The Court's bar order applying to extraordinary writs and habeas petitions is in addition to, and applied differently than, the orders limiting Mr. Demos to three IFP applications related to proposed civil actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). It is only with proposed civil actions that Mr. Demos must demonstrate, under 28 U.S.C. § 1915(g), "imminent danger of serious physical injury" to proceed IFP because Mr. Demos has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Here Mr. Demos asks the district court to order the state supreme court to act on a successive state habeas petition for a conviction over forty years old. There is clearly no imminent danger of physical injury.

REPORT AND RECOMMENDATION - 2